# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SIMMONS,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 1:18-cv-00451-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED AS AN UNAUTHORIZED SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS, THAT ALL PENDING MOTIONS BE DENIED AS MOOT, AND THAT THE COURT DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE COURT CLERK TO ASSIGN THE CASE TO A DISTRICT JUDGE<br><br>(Doc. Nos. 1, 4) |

      Pro se petitioner Lawrence Simmons is proceeding *in forma pauperis* with a petition for a writ of habeas corpus. Petitioner captions his petition as one filed under 28 U.S.C. § 2244, a provision that provides no basis for habeas corpus relief. The undersigned will construe the petition as one filed under 28 U.S.C. § 2254, since petitioner is a state prisoner.[1] The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the

---

[1] Petitioner does not argue that he is entitled to habeas relief under 28 U.S.C. § 2241 or the savings clause under § 2255. *See generally Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008).

1

petitioner is not entitled to relief. The undersigned will recommend that the court dismiss the instant petition as an unauthorized successive petition.

**1.      Background**

Petitioner is in state custody pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction of one count of first-degree murder, one count of attempted murder, and one count of attempted robbery. *See Simmons v. Galaza*, 1:99-cv-6338, Doc. No. 98, at 5-8 (E.D. Cal. March 16, 2005) (recounting facts of robbery and shooting). In 1999, petitioner filed a § 2254 habeas petition challenging his custody. *See Simmons*, 1:99-cv-6338, Doc. No. 1. After six years of litigation, the court denied his petition on the merits. *See Simmons*, 1:99-cv-6338, Doc. Nos. 98, 100. Petitioner filed another habeas petition under § 2254 in 2011, and the court denied the petition at screening, explaining that petitioner had failed to obtain leave from the U.S. Court of Appeals for the Ninth Circuit to pursue a successive petition. *See Simmons v. Lopez*, 1:11-cv-1069, Doc. No. 7 (E.D. Cal. July 28, 2011). Petitioner recently filed another petition in state court, which the Supreme Court of California denied as untimely on March 14, 2018. (Doc. No. 1, at 6.) A few days later, on March 29, 2018, petitioner filed the petition now before the court.

**2.      Discussion**

A district court is barred from considering a second or successive habeas corpus petition unless the petitioner obtains leave from the court of appeals to file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Petitioner acknowledges that the petition here is successive to his prior petitions; indeed, he has even captioned his petition as one filed under § 2244—a provision that limits the rights of detained individuals to file successive habeas petitions but does not provide a basis for a habeas petition. (Doc. No. 1, at 1.) Petitioner contends, however, that an intervening change of law, newly-discovered evidence, and his claim of actual innocence justify another habeas review by this court.

Petitioner is mistaken. Even if a change of law and newly-discovered evidence made his new petition meritorious, petitioner may not proceed in this court without leave from the U.S. Court of Appeals for the Ninth Circuit. *See* §§ 2244(b)(3)(A), (b)(4); *Burton v. Stewart*, 549 U.S.

147, 152 (2007). Similarly, a claim of actual innocence does not allow petitioner to bypass the requirement that he seek the appellate court's leave. *See* § 2244(b)(3)(A). Since petitioner has not obtained the required permission from the court of appeals, the undersigned will recommend dismissal of the petition as an unauthorized successive petition.

Petitioner asks for appointment of counsel (Doc. No. 1, at 11) and moves to amend his petition to add other grounds for habeas relief (Doc. No. 4). Since the court lacks jurisdiction to consider the petition, we do not reach these requests. If petitioner obtains leave to file a successive petition, he may at that point request counsel and file an amended petition.

**3.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the undersigned will recommend that the court decline to issue a certificate of appealability.

**4.     Recommendations**

The undersigned recommends that the petition be dismissed as an unauthorized successive petition, that the pending motions be denied as moot, and that the court decline to issue a certificate of appealability.

3

The undersigned submits the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

IT IS SO ORDERED.

Dated: May 31, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE